47 F.3d 1169
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Albert James KEENUM, Petitioner-Appellant,
v.
Martin MAKEL, Respondent-Appellee.
 No. 94-1703.
 United States Court of Appeals, Sixth Circuit.
 Jan. 30, 1995.
 
 Before: RYAN and SILER, Circuit Judges; and MILES, District Judge.*
 ORDER
 Albert James Keenum, a pro se Michigan prisoner, appeals a district court order denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 On January 26, 1984, Keenum pleaded guilty to conspiracy to commit first degree murder. The next day, Keenum withdrew his plea. The trial subsequently commenced. On February 8, 1984, the jury returned verdicts of guilty of first degree murder and conspiracy to commit first degree murder. On March 2, 1984, he was sentenced to mandatory life imprisonment on both counts. This was the second of two trials conducted for Keenum on these offenses. In his first trial, Keenum's conviction was set aside on his motion for a new trial.
 A history of Keenum's post-conviction efforts to overturn his convictions is set forth in the magistrate judge's report and recommendation and will not be repeated here. Suffice it to say that Keenum filed the instant petition for a writ of habeas corpus asserting that: (1) he was denied his right to a speedy trial; (2) the Double Jeopardy Clause barred his retrial in this case; (3) he was denied a fair trial because the prosecutor impeached its own witness; (4) he was denied a fair trial because of prosecutorial misconduct; (5) he was denied due process because the trial court erroneously gave a cautionary instruction on the weight to be given an accomplice's testimony; (6) he was denied the effective assistance of trial counsel; and (7) he was denied the effective assistance of appellate counsel. The magistrate judge issued a report recommending that the petition be dismissed as meritless. After a de novo review of the report and recommendation in light of Keenum's objections, the district court adopted the report and recommendation in an order dated April 13, 1994. This appeal followed.
 Upon review, we conclude that the district court properly denied Keenum's habeas petition as Keenum was not denied a fundamentally fair trial. Wright v. Dallman, 999 F.2d 174, 178 (6th Cir.1993); Williamson v. Parke, 963 F.2d 863, 865 (6th Cir.), cert. denied, 113 S.Ct. 264 (1992).
 In all cases in which a state prisoner has defaulted in presenting his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result, or can demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 749-50 (1991). The Michigan Court of Appeals declined to address the issues of speedy trial and ineffective assistance of appellate counsel for failing to raise the speedy trial issue because Keenum's appeal of the order denying his motion for a new trial, in which these claims were asserted, was untimely. The Michigan Court of Appeals also declined to address Keenum's claim that the prosecution improperly impeached its own witness because Keenum did not object to the impeachment of the witness at trial.
 Regarding the issues of speedy trial and ineffective assistance of appellate counsel for failing to raise the speedy trial issue, Keenum has failed to establish cause for his delay in filing leave to appeal the order denying his motion for a new trial. He has also failed to show prejudice or a fundamental miscarriage of justice from the court's failure to consider his claim. Coleman, 501 U.S. at 749-50.
 
 
 1
 Similarly, Keenum has failed to establish cause and resulting prejudice because he did not show ineffective assistance of counsel for counsel's failure to object to the impeachment of a witness at trial. See Coleman, 501 U.S. at 749-50; Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 2
 Keenum was not entitled to habeas relief on his double jeopardy claim because the record is devoid of evidence that the prosecutor or judge engaged in conduct intended to goad Keenum into filing the motion for a new trial. See Oregon v. Kennedy, 456 U.S. 667, 673 (1982). Keenum's right to a fair trial and due process were not compromised when the trial court gave a cautionary accomplice instruction. The trial court properly instructed the jury on accomplice witnesses and referred to witnesses Threlkel and Gina Williford as being possible accomplice witnesses. Viewing the instruction in the context of the entire trial, we cannot say that it infected the trial so as to rise to the level of a violation of the rights to a fair trial and due process. See Henderson v. Kibbe, 431 U.S. 145, 154 (1977). None of the instances of alleged ineffectiveness of trial and appellate counsel rise to a level of constitutional dimension. See Strickland, 466 U.S. at 687.
 
 
 3
 Finally, Keenum has abandoned his prosecutorial misconduct claim on appeal; therefore, it will not be reviewed. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992).
 
 
 4
 Accordingly, the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Wendell A. Miles, United States District Judge for the Western District of Michigan, sitting by designation